LAU LAM *v.* A. A. WHITCOMB, W. R. KILLINGER, LUM HEE AND LUM CHING, INDIVIDUALLY AND AS COPARTNERS DOING BUSINESS TO-GETHER UNDER THE FIRM NAME AND STYLE OF "HONOLULU BRICK & STONE CO.," AND W. C. ACHI.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED JULY 24, 1912.                    DECIDED AUGUST 21, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

JUDGMENT—*res judicata—burden of proof.*

    The burden of proving a former adjudication is upon the party who sets it up as a defense.

EXECUTORS AND ADMINISTRATORS—"*administrators with the will annexed"—inference that property devised.*

    From the fact that certain administrators were appointed "with the will annexed" the inference would seem to be that the probate court proceeded upon the assumption that the document referred to in the petition as a will did contain a devise of property, otherwise the case would have been one of intestacy and the appointment would have been of administrators without any reference to a will.

EVIDENCE—*translation of will in foreign language—meaning of words.*

    In an action of ejectment in which one of the parties claims as devisee under a will written in a foreign language it is competent for witnesses to testify not only to the possible meanings of particular words when used separately but also to the sense in which, in the witnesses' opinion, those words are used when read in connection with the remainder of the text.

TRIAL—*findings of fact—credibility of witnesses.*

    Issues concerning the credibility of witnesses and the weight of the evidence are to be determined by the trial court and the findings cannot be disturbed if supported by evidence.

OPINION OF THE COURT BY PERRY, J.

This is an action of ejectment relating to a parcel of land situated at Kapalama in Honolulu and described in the declaration by metes and bounds. The plaintiff claims as sole

devisee under the will of Lau Chong who died in China on May 26, 1900. The defendants, other than W. C. Achi, are tenants of the latter and Achi's claim is, first, that Lau Chong did not by his will devise any property to the plaintiff, and, second, that Achi has had adverse possession of the land in dispute for more than the statutory period. The case was tried without a jury and judgment rendered for the plaintiff.

The defendants admitted at the trial that on September 12, 1890, Lau Chong leased to Achi a parcel of land at Kapalama and that at the time of the lease Lau Chong "was seized in fee simple of the premises described in said lease," but they present the contention that the plaintiff failed to prove the identity of the land described in the lease with that described in the declaration. To meet similar objections of the defendants at the trial the plaintiff twice amended his declaration. The evidence of Kanakanui, a surveyor, sufficiently identified the land named in the lease with that described in the declaration as last amended. It is true that since the date of the lease King street has been widened at the point in question and that the lane running mauka from King street on the easterly side of the land described has been opened since that date. It is also clear that on August 27, 1890, Lau Chong conveyed to Achi a piece of land immediately to the west of that covered by the lease and that subsequent to Lau Chong's deed Achi acquired by purchase another strip of land still further to the west, but there was evidence to support a finding that in the last amended description due allowance was made for all of these facts and that the land as thus described does not include any of that held in fee by Achi under the deed from Lau Chong.

In support of his case the plaintiff introduced evidence tending to show that on May 25, 1900, in China, Lau Chong executed a will written in the Chinese language and that the will was admitted to probate in the supreme court of Hong Kong on August 10, 1900. Against the objection of the de-

fendants testimony was admitted of translations of the will tending to show that all of the testator's property was devised to the plaintiff who was also named in the instrument as the executor.  The defendant introduced testimony of translations to the effect that no devise was made of any of the property of the testator to any one and that the instrument simply purported to name Lau Lam as executor.  If evidence on this issue was admissible at all there is no doubt that there was ample evidence to support the finding made by the circuit judge that the testator "devised and bequeathed all the property, real and personal, to Lau Lam."  The contention that the evidence was inadmissible is based upon the ground that the supreme court of Hong Kong had adjudged, prior to the action of ejectment, that the property of the testator was by the will simply entrusted to him as executor, and in support of this contention reference is made to a translation of the will included in the certificate forwarded from Hong Kong by the acting deputy registrar of the court.  According to that translation the testator recites in the will, which is very brief, that he is "prepared to entrust the nearest relation with full power to administer all matters" and that all of his property is "to be committed to my own nephew, Lau Lam, who is made my adopted son, with full power to act therein as executor of this my will."  Assuming that this language is to be construed as meaning that the testator intended simply to appoint Lau Lam as executor and passing by the question of the force to be given to such an adjudication by a foreign court, it does not appear from the certificate mentioned or from any other evidence in the case whether the translation included in the certificate was adopted by the supreme court of Hong Kong in connection with the admission of the will to probate or in any other proceeding.  Nor has any showing been made as to what laws or procedure prevail in Hong Kong on the subject of whether an instrument which merely provides for the selection of an executor and does not dispose of property

may be admitted to probate. If under the laws of Hong Kong an instrument which does not make a testamentary disposition of property is provable in a court of probate it was immaterial in the proceeding for the probate of the will in that jurisdiction whether the will did or did not attempt to dispose of the property of the testator. If, on the other hand, such an instrument may not be admitted to probate, the only inference would be that the court found, as did the trial court in the case at bar, that a devise of the property was made. The burden of proving a former adjudication is upon the party who sets it up as a defense, and as to the supposed adjudication in Hong Kong that burden was not successfully borne by the defendants.

It further appeared in evidence that a circuit judge of the first judicial circuit of the Territory of Hawaii, upon petition, on January 17, 1901, appointed Lau Yin and Lau Tong administrators with the will annexed of the estate of Lau Chong. The records of that proceeding forwarded to this court upon these exceptions do not disclose whether the circuit judge passed upon the question as to what was the correct translation of the will of Lau Chong. If it cannot be held to have determined that issue the proceedings do not, of course, constitute a bar to the consideration of the question in this case. From the fact that the administrators were appointed "with the will annexed" the inference would seem to be that the court proceeded upon the assumption that the will did contain a devise of the property, otherwise the case would have been one of intestacy and the appointment would have been of administrators without any reference to the will. Under the circumstances it cannot be held that the evidence relating to the correct translation of the will was improperly admitted.

The defendants' further contention that witnesses were permitted to construe the will as well as to translate it is not borne out by the record. It was competent for them to testify not only to the possible meanings of particular words

when used separately, but also to the sense in which, in the witnesses' opinion, those words were used in connection with the remaining language of the document under consideration.

Upon the subject of adverse possession it is undisputed that the lease from Lau Chong to Achi contained an option permitting him to purchase the land for the sum of $1500 at any time prior to December 31, 1895, and that all of the rent accruing to that date was paid by the lessee. This action was commenced June 13, 1910. The defendants introduced evidence tending to show that on December 16, 1895, Achi tendered to Wong Wa Foy, the attorney-in-fact for Lau Chong, the principal being then absent in China, the sum of $1500 in gold coin accompanied by a request for the execution of a deed upon compliance with the terms of the option; that Wong Wa Foy refused to accept the tender saying that Lau Chong had instructed him to accept not less than $2500 for the land; that after 1895 Achi refused to pay rent and claimed, occupied and used the land as his own, erecting a building upon the leased property, placing a fence along three sides of it and planting valuable trees—Achi admitting, however, that he was under obligation to pay the lessor or his representatives the sum of $1500 named in the option. On the other hand, evidence was introduced by the plaintiff tending to show that no tender of $1500 or of any other sum was ever made; that upon demand by the administrators for the rent Achi promised to pay the same; that no suit for specific performance of the contract to convey has ever been brought although Lau Chong was in Honolulu in or about the month of May, 1896; that in a certain suit brought in 1905 by Lau Lam to enjoin Achi from destroying a fence erected by Lau Lam along the westerly boundary of the land described in the lease from Lau Chong, Achi filed an answer in which he alleged "that he is and has been for fifteen years in the open and exclusive possession of the premises described in said bill of complaint" (the land now in dispute) "under and by virtue

of a lease from the said deceased Lau Tseung, otherwise known as Lau Chong, which lease contained a provision for the right of purchase, of which this respondent has at all times been willing and desirous to avail himself, but there have been no persons within the Territory who were authorized to receive the money on said purchase and to execute a deed for the same"; and that in November, 1902, upon the hearing of an action brought by the administrators of the estate of Lau Chong against Achi for the rent of the same premises for the years 1896, 1897, 1898, 1899, 1900, in the circuit court of the first circuit of this Territory the following proceedings took place: "Mr. Achi: There is no question as to the amount sued for and I don't know with who I should settle, I claim that I should settle with the heirs, they own the land and an administrator has only a right to the personal property and that is not personal property, that is the only point. Mr. Peters: I would like for it to appear of record that Mr. Achi confesses the correctness of the amount. The Court: I am satisfied, Mr. Achi, that the administrators of the deceased have an estate in this case. You have admitted in open court that the amount sued for is correct? Mr. Achi: The amount is correct. The Court: The only question is as to the proper person to whom it is to be paid? Mr. Achi: Yes, sir." Assuming that the facts relied upon by the defendants upon this phase of the case constitute adverse possession by Achi, there was nevertheless a direct conflict in the evidence as to the existence of those facts. The statements made by Achi in the action for rent are at least capable of the construction that he intended thereby to admit that he was indebted to the representatives of the lessor for the rent, a position wholly inconsistent with a claim of adverse possession. This evidence in connection with the allegations of the answer in the injunction suit and other evidence in the case was ample to support the finding made by the trial judge that "the defendants have failed to show adverse possession of the said premises for the

statutory period." The issue was one of fact and the credibility of the witnesses and the weight to be given to the evidence were for the trial judge to determine.

Many of the exceptions were taken to rulings upon the admissibility of evidence offered. We find no reversible error in any of the rulings.

The exceptions are overruled.

*E. C. Peters* for plaintiff.

*C. F. Peterson* for defendants.