# OAHU RAILWAY AND LAND COMPANY, LIMITED, *v*. KOLOHANA KAILI.

## No. 1339.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. C. S. FRANKLIN, JUDGE.

ARGUED JULY 15, 1921.                    DECIDED JULY 26, 1921.

COKE, C. J., KEMP AND EDINGS, JJ.

TRIAL—*findings of fact—credibility of witnesses.*

Where a jury is waived the issues concerning the credibility of witnesses and the value of the evidence are to be determined solely by the trial court and its findings cannot be disturbed on appeal if supported by more than a scintilla of evidence.

EVIDENCE—*lease without certificate of acknowledgment or with defective certificate—competent when.*

Where the signatures of the parties to a lease are identified by a competent witness at the trial the lease thereupon becomes admissible as evidence irrespective of whether the certificate of acknowledgment is in proper form. It is admissible even in the absence of any certificate of acknowledgment.

OPINION OF THE COURT BY COKE, C. J.

This is an action of ejectment instituted in the circuit court of the first judicial circuit by the plaintiff-appellee to recover from the defendant-appellant a small tract of land situated at Honouliuli, district of Ewa, island of Oahu. The cause was tried before Hon. C. S. Franklin, circuit judge, without the intervention of a jury, the right to a trial by jury having been waived by the parties. At the conclusion of the trial a decision was rendered by the circuit judge awarding the land in question to the plaintiff and the defendant has come to this court on a bill of exceptions. The appellant has abandoned a number of his exceptions. The land involved in the controversy is

a part of a large tract purchased by James Campbell from John H. Coney in September 1877. In 1889 Mr. Campbell leased the property to B. F. Dillingham who in turn sublet it to the plaintiff corporation above named. The company's lease still has a number of years to run. It is conceded by the appellant that the record title to the property is in plaintiff but he claims ownership thereof by prescription through one Kamai (w) whose sole heir he appears to be.

It was found by the trial court, and there was ample evidence in support thereof, that Kamai lived on the property from about 1880 until her death in 1912 but that her occupancy of the premises during the period up to the execution of the lease to Dillingham was at the sufferance of Mr. Campbell and was in no wise hostile to his rights of ownership. It appears from the evidence that in 1902 and after the plaintiff acquired its leasehold of the property Kamai entered into a leasehold agreement with the plaintiff under which she was to hold the property for the period of her natural life, it being stipulated in the lease that she should have a right to sublet portions of the premises but the rentals therefrom were to be collected by plaintiff and equally divided between it and Kamai. The appellant is the husband of Kamai and following her death continued to occupy the property and subsequently made claim of ownership thereto. The plaintiff being advised of this claim instituted the present suit.

The evidence is more or less contradictory but the clear preponderance thereof sustains the finding of the court below. If the testimony of Mr. von Holt, a witness for the plaintiff, is to be given credence Kamai at no time claimed the property and her occupancy thereof was at all times under Mr. Campbell or his successors in interest. This is strongly corroborated by the execution of the lease by Kamai in 1902.

Defendant's counsel, recognizing as he must that the taking of the lease at that time was entirely inconsistent with any claim of ownership on the part of Kamai, attempts to argue that she signed the lease unaware of its purpose or contents. But he introduces no evidence to bear out this assertion. In addition to the testimony of Mr. von Holt Mr. B. N. Kahalepuna testified that shortly after the lease was executed he questioned Kamai relative to the ownership of the land and that she told him that she possessed only a life interest.

The trial court evidently attached more weight to the testimony of Mr. von Holt and Mr. Kahalepuna than it did to the evidence introduced by the defendant. This was a matter entirely within the court's province. Where a jury is waived the issues concerning the credibility of witnesses and the value of the evidence are to be determined solely by the trial court and its findings cannot be disturbed on appeal if supported by more than a scintilla of evidence. The application of this doctrine in our opinion disposes of the issues of fact involved in this case favorably to the plaintiff. See *Lau Lam* v. *Whitcomb,* 21 Haw. 252, 258.

Counsel for appellant makes much of what he claims to be an erroneous ruling of the trial court in receiving in evidence the lease between plaintiff and Kamai executed as aforesaid in 1902 because of a change in the date of the instrument and which change was not noted as required by section 3108 R. L. 1915 and that therefore under section 3106 R. L. the certificate of acknowledgment was not valid in any of the courts of this Territory. Whether or not the certificate of acknowledgment could properly be received in evidence in the face of the statute last above referred to it is unnecessary for us to decide for the signature of Kamai to the lease, as well as the signatures of the officers of the plaintiff corporation, was

fully identified and established by the testimony of Mr. von Holt at the trial of the cause. By virtue of this testimony the lease became competent and admissible as evidence in the case irrespective of whether the acknowledgment was in proper form. For that matter it was competent even in the absence of any certificate of acknowledgment.

Counsel for appellant complains of certain other rulings of the court respecting the introduction of the evidence but a careful review of the entire record convinces us that no error was committed and that the evidence clearly supports the decision and judgment of the court below.

The exceptions are overruled.

*M. F. Prosser* (*Frear, Prosser, Anderson & Marx* on the brief) for plaintiff.

*W. C. Achi* for defendant.